UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:18CV1768 (    ) |
| | : | |
| v. | : | |
| | : | |
| One (1) 2017 MASERATI LEVANTE bearing VIN: ZN661XUL4HX245650, | : : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANTS: Orlando Quiros; Connex Credit Union, Inc.] | : : | October 26, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rule for Admiralty and Forfeiture Claims:

NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: One (1) 2017 Maserati Levante, bearing Connecticut Registration Number 6AAEJ7 and Vehicle Identification Number (VIN): ZN661XUL4HX245650, for violations of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

1

## THE DEFENDANT IN REM

2. The defendant is identified as follows: One (1) 2017 Maserati Levante, bearing Connecticut Registration Number 6AAEJ7 and VIN: ZN661XUL4HX245650 ("Defendant Vehicle").

3. On September 10, 2018, the Defendant Vehicle was delivered to the government pursuant to a Stipulated Forfeiture Agreement attached hereto as Exhibit A. The Defendant Vehicle is presently in the custody of the United States Marshal Service.

4. The Defendant Vehicle is located within the jurisdiction of this Court.

5. The Defendant Vehicle is registered to Orlando Quiros ("Claimant") and subject to a lien from Connex Credit Union, Inc.

6. The Defendant Vehicle was obtained with proceeds traceable to illegal drug trafficking.

## JURISDICTION AND VENUE

7. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Vehicle. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

8. This Court has *in rem* jurisdiction over the Defendant Vehicle under 28 U.S.C. § 1355(b).  Upon the filing of this amended complaint, the plaintiff requests that the Court issue arrest warrants *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Vehicle pursuant to 18 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

10.     The Defendant Vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, including any violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. The Claimant has freely admitted that the Defendant Vehicle was obtained with the proceeds of illegal drug trafficking. The Claimant is a defendant in the ongoing federal criminal case, United States v. Quiros, et al. [3:17-CR-160 (VLB)]. He has pled guilty to Counts One and Five of a Superseding Indictment, charging him with conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. Sentencing has been scheduled for November 7, 2018.

11.     Orlando Quiros has agreed to the forfeiture of the Defendant Vehicle and has executed a Stipulated Agreement attached hereto as Exhibit A.

## STIPULATED FORFEITURE AGREEMENT

12.     The United States and the Claimant, Orlando Quiros, have reached an agreement. The terms of the agreement are embodied in a Stipulated Forfeiture Agreement attached hereto as Exhibit A. Pursuant to the agreement, the Claimant has agreed to the forfeiture of one (1) 2017 Maserati Levante, bearing Connecticut Registration Number 6AAEJ7 and Vehicle Identification Number (VIN): ZN661XUL4HX245650.

WHEREFORE, the United States of America prays that the Warrant of Arrest In Rem for the Defendant Vehicle be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Vehicle to be condemned and forfeited to the United States of America for disposition according

to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        /s/ David X. Sullivan_____
        DAVID X. SULLIVAN
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO.: ct03793
        157 CHURCH ST., 25th FLOOR
        NEW HAVEN, CT 06510
        PHONE NO.: (203) 821-3700
        FAX: (203) 773-5392

## DECLARATION

I am a Task Force Officer of the Drug Enforcement Administration and the case agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture, and it is true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of September, 2018.


      /s/ Joshua S. Cameron_____
JOSHUA S. CAMERON
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:18CV404 (JBA) |
| | : | |
| v. | : | |
| | : | |
| TEN (10) ASSORTED JEWELRY ITEMS, | : | |
| VALUE: $13,908.00, described as follows: | : | |
| | : | |
| ONE (1) WHITE GOLD DIAMOND CROSS | : | |
| PENDANT AND CHAIN, VALUE: $3,600.00, | : | |
| | : | |
| ONE (1) PAIR OF YELLOW GOLD DIAMOND | : | |
| EARRINGS, VALUE: $250.00, | : | |
| | : | |
| ONE (1) 10K WHITE GOLD DIAMOND | : | |
| BRACELET WITH 279 ROUND DIAMONDS, | : | |
| VALUE: $3,500.00, | : | |
| | : | |
| ONE (1) PAIR OF 14K WHITE GOLD BLACK | : | |
| STONE EARRINGS WITH 32 BLACK | : | |
| RHODIUM STONES, VALUE: $150.00, | : | |
| | : | |
| ONE (1) MEN'S ROLEX OYSTER PERPETUAL | : | |
| AIR KING STAINLESS STEEL WATCH WITH | : | |
| 52 ROUND DIAMONDS, VALUE: $3,000.00, | : | |
| | : | |
| ONE (1) 18K YELLOW GOLD ROSARY WITH | : | |
| 56 BEADS, VALUE: $1,000.00, | : | |
| | : | |
| ONE (1) PAIR OF 14K WHITE GOLD SQUARE | : | |
| INVISIBLE SET DIAMOND EARRINGS, | : | |
| VALUE: $300.00, | : | |
| | : | |
| ONE (1) 18K YELLOW GOLD SQUARE CURB | : | |
| 8" LINK BRACELET, VALUE $1,000.00, | : | |
| | : | |
| ONE (1) STERLING SILVER DIAMOND AND | : | |
| RUBY BEADED CHAIN, VALUE: $1,000.00, | : | |
| | : | |
| ONE (1) STERLING SILVER "THE SKY'S THE | : | |
| LIMIT" PENDANT, VALUE: $108.00, | : | |
| | : | |

1

|  |  |
|---|---|
| Defendants. | : |
|  | : |
| [CLAIMANT: Orlando Quiros] | : |

## STIPULATION FOR COMPROMISE SETTLEMENT

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against ten (10) Assorted Jewelry Items, value: $13,908.00, as aforementioned and described above ("Defendant Jewelry"), the UNITED STATES and the CLAIMANT, ORLANDO QUIROS ("CLAIMANT"), and his agents, subrogees, successors, and assigns, by and through his respective counsel, hereby stipulate and agree to a compromise settlement, upon the terms and conditions set forth below:

1. That the CLAIMANT has voluntarily surrendered to the Drug Enforcement Administration one (1) 2017 Maserati Levante, bearing Connecticut Registration Number 6AAEJ7 and Vehicle Identification Number (VIN): ZN661XUL4HX245650 (hereinafter "2017 Maserati Levante), which the CLAIMANT admits to purchasing in part with proceeds from the illegal sale and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846.

2. That the UNITED STATES agrees to return the Defendant Jewelry to the CLAIMANT or the CLAIMANT'S assign.

3. That in exchange and return of the Defendant Jewelry to the CLAIMANT by the United States, the CLAIMANT agrees to the filing of a Stipulated Verified Complaint of Forfeiture, naming the 2017 Maserati Levante as the sole defendant in that civil in rem action. Further, the CLAIMANT agrees not to contest the forfeiture of the 2017 Maserati Levante to the United States

4. That the United States further agrees to recognize a claim against the 2017 Maserati Levante by Connex Credit Union, Inc., which has a lienhold interest in the vehicle.

5. That CLAIMANT agrees for the purpose of this Stipulation of Compromise

Settlement that he is not a prevailing party pursuant to 28 U.S.C. § 2412.

6. That CLAIMANT further agrees that neither he nor any current or future agents, representatives, subrogees, assigns or successors, shall appear in or pursue any action or proceeding at law or in equity to contest the stipulated forfeiture of the 2017 Maserati Levante to the UNITED STATES.

7. That CLAIMANT stipulates that he hereby releases and forever discharges the United States of America, the Drug Enforcement Administration, and their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimant, his heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and compromise settlement regarding the Defendant Jewelry.

8. That CLAIMANT further agrees to hold and save the United States of America, the Drug Enforcement Administration, and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and compromise settlement of the Defendant Jewelry.

9. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the further expense and risk of litigation.

10. The UNITED STATES and the CLAIMANT agree to bear their own costs and attorneys' fees, and to execute and/or consent to, any additional documentation necessary to implement the terms of this stipulated agreement.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

DATE: 10/23/18

DAVID X. SULLIVAN
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR # ct03793

ATTORNEY FOR THE PLAINTIFF
UNITED STATES OF AMERICA

DATE: 10/11/2018

BRIAN J. WOOLF
WOOLF LAW FIRM
50 FOUNDERS PLAZA, SUITE 203
EAST HARTFORD, CT 06108
(860) 290-8690
FEDERAL BAR # ct10227

ATTORNEY FOR THE CLAIMANT

DATE: 10/8/2018

ORLANDO QUIROS
CLAIMANT

DATE: 10/18/18

[ASSIGN, IF NECESSARY]
CLAIMANT'S ASSIGN